**Donna NEIGHBORS, Appellant,**

v.

**KIRKSVILLE COLLEGE OF OSTEOPATHIC MEDICINE, W.R. Trowbridge, Sueanna M. Hannah and Connie Roberts, Respondents.**

**No. WD 36465.**

Missouri Court of Appeals,
Western District.

June 11, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
July 30, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Earl W. Brown, III, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for appellant.

Ronald R. McMillin, Carson, Monaco, Coil, Riley and McMillin, Jefferson City, for respondents.

Before TURNAGE, C.J., and SOMERVILLE and MANFORD, JJ.

TURNAGE, Chief Judge.

Donna Neighbors filed a multiple count petition for damages based on her termination of employment by the Kirksville College of Osteopathic Medicine and its issuance of a service letter. All but three of the counts were disposed of and the court sustained a motion to dismiss those counts. On appeal, Neighbors contends that one count stated a cause of action for negligent infliction of emotional distress because the service letter falsely stated the reasons for her termination, that one count stated a cause of action in libel, and that one count stated a cause of action in contract for breach of an implied duty of good faith or in tort for wrongful discharge. Affirmed in part and reversed in part and remanded.

Neighbors was employed as a clinic manager by the College when she was terminated. At her request, the College issued a service letter pursuant to § 290.140, RSMo 1978. The letter stated that Neighbors was terminated because the College had reasonable cause to believe that she had breached the confidentiality of a patient at the clinic.

In one count of her petition, Neighbors alleged that the College caused her emotional distress by stating untrue grounds for her termination in the service letter. Neighbors contends that the receipt of this letter, which she alleges stated a false reason for her termination, and which accused her of breaching a patient's confidentiality, caused her to suffer emotional distress and mental injury.

■ Neighbors does not dispute that she was an employee at will and she does not rely upon any contract of employment for a definite term, nor does she rely upon any statutory ground which would bar her termination. Under these circumstances, the supreme court in *Dake v. Tuell*, 687 S.W.2d 191 (Mo. banc 1985), reaffirmed the law of Missouri that an employee at will may be terminated at any time for any reason, or for no reason, unless a contrary statutory provision exists. Here, a contract for a

definite term does not exist, and Neighbors does not allege any statutory ground that would bar her termination. In *Dake,* the court stated that it would not allow the employee at will doctrine to be subverted by cloaking a claim for wrongful termination under the guise of the prima facie tort doctrine. *Id.* at 193. It would likewise subvert the law of this state to allow a claim for termination by an at will employee to be brought under the guise of an action for emotional distress. New York follows the same rule as Missouri in holding that at will employees may be terminated at any time. In *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 236[4–6], 448 N.E.2d 86, 90[4–6] (1983), the court held that an at will employee could not maintain an action for the infliction of emotional distress resulting from his termination. Because Neighbors could be terminated at any time for any reason, or for no reason, she may not maintain an action for emotional distress resulting from her termination.

Neighbors also alleged in her petition that her employment was subject to an implied covenant of good faith and fair dealing, and that her termination was a breach of this agreement. The reasons heretofore stated concerning the count for emotional distress apply to this claim for relief. Missouri law concerning at will employees may not be circumvented by an employee who alleges a contract of good faith and fair dealing between the employer and employee.

Neighbors also contends that she is entitled to go to trial on her count based on a tort of wrongful discharge. That theory is likewise not available under the law in Missouri as announced in *Dake.*

Neighbors finally contends that the trial court should not have dismissed her libel claim. In that count, Neighbors alleged that the College and the individual defendants published a letter which was to serve as a letter of reference for her use in seeking other employment. The petition alleged that the letter contained the false and libelous statement that she breached the confidentiality of a patient. The petition alleged that the letter was read by prospective employers, and as a direct and proximate result of the letter, her reputation was damaged. The petition further alleged that the letter was actuated by the express malice of the defendants as evidenced by other communications among the defendants. The College contends that this count does not state a cause of action in libel because the petition did not allege that the defendants published the letter to anyone except Neighbors.

It should first be noted that a service letter is a qualified privileged communication. To overcome this privilege, Neighbors must prove that the contents of the letter were false and that the falsity was actuated by express malice. *Herberholt v. dePaul Community Health Center,* 625 S.W.2d 617, 625[9] (Mo. banc 1981). The petition pleaded that the letter was false and that it was actuated by express malice. Thus, the petition pleaded sufficient facts to overcome the qualified privilege.

It is also necessary that the petition have alleged a publication by those who wrote the letter, because a communication of libelous matter only to the plaintiff, who then communicates it to a third person, does not constitute publication. *Herberholt,* 625 S.W.2d at 624[8]. However, *Herberholt* noted an exception to the general rule as follows:

Many cases make an exception to or qualification of the general rule that there must be a communication to others than the person defamed, where the utterer of the defamatory matter intends, or has reason to suppose, that in the ordinary course of events the matter will come to the knowledge of some third person.

*Herberholt,* 625 S.W.2d at 624[8] (quoting 50 Am.Jur.2d *Libel and Slander* § 148 (1970)).

The petition alleged that the letter was given to Neighbors to serve as a reference in her effort to find another job, and further alleged that the letter was in fact read by prospective employers. That pleading was sufficient to bring the letter

within the above exception. Although the letter was sent to Neighbors, her allegation is that the defendants knew that the purpose of the letter could only be served if it were shown to prospective employers, and that in fact it was shown to such persons. The petition sufficiently pleaded that the defendants had reason to know that in the ordinary course of events the letter would be read by third parties. The petition thus alleged the exception to the general rule concerning publication. This, coupled with the other allegations, pleaded sufficient facts to state a claim of libel upon which relief could be granted if the facts were proven to the satisfaction of the fact finder. For that reason the court erred in dismissing the libel claim.

The judgment dismissing the counts for emotional distress, for breach of an implied contract of good faith, and for the tort of wrongful discharge is affirmed. The judgment dismissing the libel count is reversed and this cause is remanded for further proceedings on that count.

All concur.