616 F.Supp. 860 (1985)
Patsy L. MILLER, Plaintiff,
v.
LINDENWOOD FEMALE COLLEGE, Defendant.
No. 83-1432C(6).
United States District Court, E.D. Missouri, E.D.
September 12, 1985.
D. Eric Sowers, St. Charles, Mo., for plaintiff.
Hollye Stolz Atwood, Steven D. Korenblat, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This case comes before the Court on defendant's motion for summary judgment on Count II of plaintiff's complaint.
*861 Plaintiff's complaint arises out of three alleged incidents of sexual harassment by Lawrence Elam acting in his capacity as agent of Lindenwood College. Counts I and III assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. In her second count, plaintiff seeks recovery for infliction of emotional distress caused by the "outrageous conduct" of Elam in allegedly making sexual overtures to plaintiff.
Defendant has once before sought summary judgment on this count, arguing that the alleged acts of Elam, viewed in the light most favorable to plaintiff, could not as a matter of law constitute such "outrageous conduct" as would support recovery for intentional infliction of emotional distress under Missouri law. See generally 2d Restatement § 46 comment d (actionable conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"). See also Rooney v. National Super Markets, Inc., 668 S.W.2d 649 (Mo.App.1984). Defendant's motion was denied by order of Court 2 on November 19, 1984.
Defendant now moves again for summary judgment, arguing that any injury plaintiff may have suffered as a result of actions by Elam while in the course of his employment are uniquely compensable under the Missouri Worker's Compensation Law, § 287.020 RSMo 1978. Section 287.020-1 provides:
Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this Chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.
The Missouri courts have held that emotional injuries are compensable under the Worker's Compensation Law, Todd v. Goostree, 493 S.W.2d 411 (Mo.App.1973), and that the intentional acts of fellow employees causing emotional distress to a complainant fall within the statutory definition of "accident." Hood v. Trans World Airlines, Inc., 648 S.W.2d 167, 168 (Mo. App.1983). See also Russell v. United Parcel Service, Inc., 666 F.2d 1188 (8th Cir.1981).
Plaintiff seeks recovery against Lindenwood College on a theory of vicarious liability for the wrongful acts of Elam as its agent. It remains a disputed issue whether Elam was acting within the scope of his employment at the time of the alleged tortious conduct, but even viewing the facts in the light most favorable to the plaintiff, Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983), "[t]o maintain that the injuries were suffered in the course of employment for the purpose of vicarious liability but not for purposes of workmen's compensation legislation would seem to be inconsistent reasoning." Sands v. Union Camp Corp., 559 F.2d 1345 (5th Cir.1977) (assault by fellow employee compensable "accident" under Georgia Worker's Compensation statute). Either Elam acted within the scope of his employment, in which case plaintiff's relief lies under the Worker's Compensation Law, or he acted as an independent agent, in which case plaintiff has no cause of action against Lindenwood College under Count II.
Defendant's motion for summary judgment on Count II is therefore granted without prejudice to any claim plaintiff may have in state court against Elam individually.