620 F.Supp. 1495 (1985)
Deborah BROWN, Plaintiff,
v.
SOUTHLAND CORPORATION, et al., Defendants.
No. 84-2933C(6).
United States District Court, E.D. Missouri, E.D.
November 18, 1985.
*1496 Arthur G. Muegler, Jr., St. Louis, Mo., for plaintiff.
Kenneth W. Bean, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendant.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that the Court's order dated October 2, 1985 is vacated.
IT IS FURTHER ORDERED that plaintiff's motion to alter or amend judgment, or in the alternative for a new trial, is denied as moot.
IT IS FURTHER ORDERED that plaintiff's motion to remand is denied.
IT IS FURTHER ORDERED that defendants' motion to dismiss for failure to state a claim of intentional infliction of emotional distress is granted.
IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is granted.
Plaintiff, a resident of Missouri, brought this action for damages in the Circuit Court of the City of St. Louis against Southland Corporation, a Texas corporation, and Clyde Tinsley, a resident of Missouri.
The action arises out of the circumstances surrounding plaintiff's discharge from defendant Southland Corporation's (Southland) employment. Plaintiff was employed as the store manager of a "7-Eleven" store owned by defendant Southland at the time of her discharge in May 1980. Plaintiff alleges that she was wrongfully discharged pursuant to a corporate policy implemented to cover-up top-level employees' negligence. Count I of the complaint for intentional infliction of emotional distress alleges that plaintiff's supervisor and defendant Tinsley claimed that a $10,000 inventory shortage existed at plaintiff's store, falsely accused plaintiff in the presence of another person of stealing or otherwise converting said inventory, and discharged plaintiff two weeks later, all causing plaintiff to suffer severe emotional distress. Count II for negligent infliction of emotional distress alleges that defendants should have known that their conduct would cause plaintiff the alleged injuries.
On December 18, 1984, defendants filed a petition for removal on the basis of diversity of citizenship asserting that defendant Tinsley was fraudulently joined. First under consideration is plaintiff's motion to remand the action to state court.
Title 28 U.S.C. § 1441(b) gives a defendant who meets certain requirements the right to remove a civil action from a state court to a federal district court on the basis of diversity of citizenship. The requirement of complete diversity between plaintiffs and defendants is fully applicable to § 1441(b). A federal court, however, *1497 will not allow removal to be defeated by the collusive or fraudulent joinder of a resident defendant. Anderson v. Home Ins. Co., 724 F.2d 82, 83 (8th Cir.1983). In order to establish that a resident defendant has been fraudulently joined, the removing party must show that there is no possibility that plaintiff would be able to establish a cause of action against the resident defendant in state court. Id. In support of a removal petition, defendants may submit affidavits and deposition transcripts. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir.1981). The district court must evaluate all the allegations and evidence in the light most favorable to plaintiff. Id.
In the present action, plaintiff's complaint alleges that Tinsley was the zone manager with ultimate supervisory responsibility over the store where plaintiff worked. In support of his removal petition, defendant Tinsley submitted affidavits and plaintiff's own deposition statements to the effect that at the time of the occurrences alleged in plaintiff's complaint, he was not the zone manager of the district in which plaintiff's store was located and that he had no involvement in the said occurrences. Plaintiff states in her deposition that she never spoke with defendant Tinsley. Plaintiff has not disputed this evidence. The Court concludes that defendants have met their burden of proving that defendant Tinsley was improperly joined and dismisses him pursuant to Rule 21, Fed.R.Civ.P. Accordingly, plaintiff's motion to remand is denied.
The next matter for consideration is defendants' motion to dismiss for failure to state a claim. Plaintiff does not allege any contractual or statutory provision that would bar her termination. In Missouri, it is firmly established that an at-will employee cannot maintain an action for wrongful discharge. Dake v. Tuell, 687 S.W.2d 191 (Mo. banc 1985). In Neighbors v. Kirksville College of Osteopathic Medicine, 694 S.W.2d 822, 824 (Mo.Ct.App.1985) (Neighbors), the court stated that it would not allow the at-will doctrine to be subverted by cloaking a claim for wrongful termination under the guise of an action for infliction of emotional distress. Although Neighbors involved a claim for negligent infliction of emotional distress, this Court believes that its holding encompasses claims for intentional infliction as well. The Neighbors court cites with approval Murphy v. American Home Products Corp., 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86, 90 (1983) which held that an at-will employee may not cast action for wrongful discharge in terms of tort of intentional infliction of emotional distress. Furthermore, even under the strict standard to be applied in considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., the Court concludes that the facts alleged in plaintiff's complaint do not support a claim for the tort of intentional infliction of emotional distress as recognized in Missouri. See Gibson v. Hummel, 688 S.W.2d 4, 7-8 (Mo. Ct.App.1985). Accordingly, Count I and that part of Count II which pertains to infliction of emotional distress must be dismissed.
The above ruling does not dispose of the case, however, because the Court concludes that plaintiff states a claim for slander in Count II. Although plaintiff's complaint does not specifically identify slander as a claim for relief, paragraphs 18, 19 and 20 of Count I contain allegations on every material point necessary to sustain recovery on this theory in Missouri, as set out in Moore v. Credit Information Corp. of Am., 673 F.2d 208, 210 (8th Cir.1982). In accordance with the liberal construction to be given pleadings under Rule 8(a), Fed. R.Civ.P., the Court concludes that plaintiff has stated a claim for slander. However, this affords plaintiff no solace, for, as will be discussed, this Court lacks subject jurisdiction over plaintiff's claim.
The final motion to be considered is defendants' motion to dismiss for lack of subject matter jurisdiction. Defendant argues that because plaintiff's complaint alleges that all Southland personnel involved in the occurrences surrounding her termination were acting within the scope of their *1498 employment, exclusive jurisdiction rests with the Missouri Workers' Compensation Board. The Court agrees. Hood v. TWA, 648 S.W.2d 167 (Mo.Ct.App.1983) (claim against primary employer for intentional infliction of emotional distress by fellow employee in scope of employment compensable "accident" under Missouri Workers' Compensation Law); Patsy L. Miller v. Lindenwood Female College, 616 F.Supp. 860 (E.D.Mo., 1985) (same). The above rulings dispose of all claims in plaintiff's complaint against each defendant. Judgment for defendants.