Marion KLING, Appellant,

v.

PROFESSIONAL CARE CENTER,
INC., Respondent.

No. 52021.

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1987.

Motion for Rehearing and/or
Transfer Denied Aug. 27, 1987.

Joseph A. Fenlon, Gregory G. Fenlon, Clayton, for appellant.

Gallop, Johnson & Neuman, Edwin D. Akers, Jr., Cawood K. Bebout, St. Louis, for respondent.

CRIST, Judge.

Marion Kling appeals from the trial court's entry of a judgment non obstante veredicto and a conditional grant of a new trial in favor of Professional Care Center, Inc. (Professional). We affirm in part and reverse and remand in part.

This action was brought under the Service Letter Statute. § 290.140, RSMo 1986. Kling was employed by Professional from 1979 to 1983 and served as an administrator at four of Professional's nursing homes. Upon the termination of her employment, Kling requested a service letter. This letter was furnished by Professional.

Kling filed suit claiming Professional did not accurately state the length of her employment with Professional or provide the real reasons for her dismissal. At the close of Kling's case, which consisted solely of Kling's testimony and admissions by Professional, Professional moved for a directed verdict claiming Kling failed to make a submissible case for substantial actual damages. The trial court, stating a

case had been made for nominal damages, denied the motion. Professional presented a few admissions by Kling, closed its case and again moved for a directed verdict on the same grounds. This was again denied. The jury returned a verdict in favor of Kling in the amount of $21,000. The trial court then entered a judgment n.o.v. and made a conditional grant of a new trial in favor of Professional.

■ The seminal issue in this case is whether Kling made a submissible case to prove substantial actual damages. Kling was required to produce evidence showing (1) that on or about an approximate date the plaintiff was either refused employment or hindered in obtaining such employment, (2) *that the refusal or hindrance was caused by the absence or inadequacy of the service letter,* (3) that the position the plaintiff had difficulty obtaining was actually open, and (4) the salary rate of the position. *Herberholt v. dePaul Community Health Center,* 625 S.W.2d 617, 622[3] (Mo. banc 1981).

Kling testified she applied for several jobs and that three places requested a service letter. The first place made the request before Kling had received the service letter. Kling decided not to send the service letter to the other two places because she felt her employment chances would be hindered. She explained to these companies that there were errors in the service letter, and they withdrew their request. She was not hired by these companies.

Kling testified she believed the inadequacy of the service letter hindered her obtaining these jobs, there were positions open at the two places to which she had refrained sending the service letter, and the positions paid around twenty-five to twenty-seven thousand dollars a year. She also testified she turned down a job paying twenty-one thousand dollars a year.

■ While there was no direct evidence to prove Kling was refused employment because of the service letter, this can be proven by circumstantial evidence. However, the circumstances must sustain the inference to be drawn and must rise above the level of mere guess and speculation. *Herberholt,* 625 S.W.2d at 623[4].

In *Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51, 57[12] (Mo. banc 1981), the court found that in order for the former employee to prove actual damages, there must be a showing a potential employer held the service letter against the former employee. In *Jasperson v. Purolator Courier Corp.,* 765 F.2d 736, 742 n. 9 (8th Cir.1985), the court, in commenting on the former employee's statement that she was unable to show prospective employers the service letter, stated the inquiry must focus on what prospective employers thought about the service letter, and not on what the former employee thought. *See Crompton v. Curtis-Toledo, Inc.,* 661 S.W.2d 645, 650[8] (Mo.App.1983).

■ Kling's refusal to submit the service letter to a prospective employer makes any opinion concerning a prospective employer's reaction mere guess and speculation. Kling's actions made it impossible to find a causal connection between the service letter and her inability to find employment.

As mentioned earlier, Kling made a submissible case to recover nominal damages by showing the service letter was inadequate. To that extent, we reverse the trial court's entry of the judgment n.o.v. As to the issue of substantial actual damages, we affirm the entry of the judgment n.o.v. On remand, we direct the trial court to enter judgment in favor of Kling for nominal damages in the amount of one dollar.

SATZ, C.J., and KELLY, J., concur.