835 F.Supp. 1124 (1993)
Joyce HELLER, Plaintiff,
v.
HERITAGE ENVIRONMENTAL SERVICES, INC., Defendant.
No. 4:92-CV-1331 (CEJ).
United States District Court, E.D. Missouri, E.D.
October 1, 1993.
*1125 Michael J. Hoare, St. Louis, MO, for plaintiff.
James N. Foster and John B. Renick, McMahon and Berger, St. Louis, MO, for defendant.

MEMORANDUM
JACKSON, District Judge.
This matter is before the Court on the motion of defendant for partial summary judgment. Plaintiff opposes the motion.
Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) (Title VII), and the Missouri Human Rights Act (MHRA), Mo. Rev.Stat. § 213.010 et seq., claiming that she was unlawfully discharged from her employment because of her sex. Named as defendant is Heritage Environmental Services, Inc.
In Counts I and II, plaintiff alleges that she has suffered "personal injuries including, but not limited to, emotional distress." Plaintiff further claims that she is entitled to "actual, compensatory and punitive damages...."[1]
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 1355-1356, 89 L.Ed.2d 538 (1986); Fed. R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of her pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
Defendant seeks partial summary judgment on the issue of plaintiff's entitlement to damages for emotional distress in her MHRA claim. Defendant argues that plaintiff cannot recover compensatory damages under her MHRA claim because she has not suffered or endured any physical injury or emotional distress that has been medically *1126 diagnosed and of sufficient severity as to be medically significant.
At her deposition on March 2, 1993, plaintiff gave the following testimony:
Q. (By Mr. Renick) What personal injuries have you suffered?
A. I can't answer that.
* * * * * *
Q. (By Mr. Renick) Have you suffered any?
A. I can't answer that at this time.
Q. Is there some other point in time you're going to be able to answer it?
Mr. Hoare: Same objection, calls for speculation.
Q. (By Mr. Renick) When will you be able to answer the question?
Mr. Hoare: Same objection, assumes facts not in evidence.
A. I would need to discuss it with my attorney before I responded.
Q. (By Mr. Renick) Why?
Mr. Hoare: She's not going 
A. Because it's a term I don't understand.
Q. (By Mr. Renick) Personal injuries is a legal term?
A. Yes.
Q. Are you suggesting that your lawyer made that claim without consulting with you?
A. No.
Q. Okay. Do you or do you not have some personal injuries that you've suffered?
Mr. Hoare: She's answered your question.
Q. (By Mr. Renick) Do you know what emotional distress is?
A. I can't answer your question. I'm sorry.
* * * * * *
Q. (By Mr. Renick) How many doctors have you been treated by for your personal injuries?
* * * * * *
A. None.
* * * * * *
Q. Were you physically capable of working at all times since November 19th, 1990?
A. Physically able, yes.
Q. Mentally able?
* * * * * *
A. I believe so, yes.
* * * * * *
Q. Okay. Has any doctor ever diagnosed you as having emotional distress?
Mr. Hoare: Calls for a medical conclusion, medical diagnosis.
A. No.
Q. (By Mr. Renick) You never went to a doctor for treatment of any of your alleged emotional distress since you were terminated?
A. No, I did not.
(TR 183-188).
In addition, plaintiff in answer to defendant's interrogatory number 13 stated that she had not sought medical treatment for her alleged personal injuries including emotional distress.
A plaintiff may recover damages for emotional distress under the MHRA if "the emotional distress or mental injury [is] medically diagnosable and ... of sufficient severity so as to be medically significant." Glover v. McDonnell Douglas Corp., 981 F.2d 388, 395 (8th Cir.1992) [quoting Bass v. Nooney Co., 646 S.W.2d 765, 772-773 (Mo.1983) (en banc)]. Bass has been interpreted by subsequent decisions to require expert medical testimony when no physical injury is involved. Glover, 981 F.2d at 395 [citing Skyles v. Burge, 830 S.W.2d 497, 500 (Mo.Ct. App.1992); Childs v. Williams, 825 S.W.2d 4, 10 (Mo.Ct.App.1992); Van Eaton v. Thon, 764 S.W.2d 674, 676 (Mo.Ct.App.1988)]. Expert medical testimony is required to establish a claim for emotional distress when physical injuries are not sustained "regardless of whether emotional distress constitutes a substantive element of the cause of action or an element of damages for any other type of action." Glover, 981 F.2d at 395. The plaintiff *1127 has failed to present expert medical testimony to support her claim for emotional distress. Moreover, plaintiff has admitted that she did not seek medical treatment for emotional distress after the termination of employment with defendant. Because plaintiff does not suffer from emotional distress that is "medically diagnosable" and is severe enough to be "medically significant," defendant is entitled to partial judgment as a matter of law on this claim.
NOTES
[1] By Order dated December 22, 1992, this Court has already granted defendant's motion to strike plaintiff's claim for compensatory and punitive damages in Count I. The Court, citing Fray v. Omaha World Herald Co., 960 F.2d 1370, 1378 (8th Cir.1992), wrote:

The type of damages sought by plaintiff in Count I of the complaint were made available only after the November 21, 1991 amendments to Title VII. See, 42 U.S.C. § 1918a. Because plaintiff's claims arise from conduct which occurred prior to the enactment of the 1991 Civil Rights Act, the remedies made available to plaintiffs under that act are not available to this plaintiff retroactively. Fray, 960 F.2d 1370.
In any event, damages for emotional distress were not previously available under Title VII. Muldrew v. Anheuser-Busch, Inc., 728 F.2d 989, 992 n. 2 (8th Cir.1984). Therefore, the prior ruling on the issue of compensatory damages including emotional distress as to Count I stands.