# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1682
_____

| | | |
|---|---|---|
| G. Dean Arthaud, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Mutual of Omaha Insurance Company, | * | Western District of Missouri. |
| United of Omaha Life Insurance | * | |
| Company, Mutual of Omaha | * | |
| Marketing Company, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  November 18, 1998

Filed:  March 22, 1999
_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Mutual of Omaha (Mutual) appeals from the district court's denial of its renewed motion for judgment as a matter of law following a jury verdict in favor of G. Dean Arthaud on his claim of compelled self-defamation. We reverse and remand.

**I.**

Mutual hired Arthaud as a market consultant in November of 1988. On May 1, 1991, he was promoted to general manager of Mutual's Jefferson City Division Office. While working in that capacity, Arthaud negotiated an arrangement for Mutual to sell insurance products provided by the Phoenix Home Life Company. A dispute resulted over Arthaud's share of the proceeds from the arrangement. Initially, Mutual indicated that Arthaud would receive all of the proceeds. Later, Mutual told Arthaud that he would receive only a portion. Arthaud spoke to his supervisor, Ron Steventon, about the decision, and was told not to pursue the matter further.

On June 6, 1994, Arthaud attended a Mutual managers' meeting in Omaha, Nebraska. Steventon and Linda Beach, the vice president of sales and marketing, called Arthaud away from the meeting and terminated him for "inappropriate sales practices" and a "violation of the company conflict of interest statement." The next day, Arthaud requested a service letter from Mutual under Mo. Rev. Stat. § 290.140. That provision requires an employer to provide, upon request, a letter giving the truthful reason for an employee's termination. Steventon provided such a letter, which stated that Arthaud had been discharged for inappropriate sales practices and a conflict of interest with the company. During Arthaud's search for new employment, he informed several prospective employers of the reasons for dismissal articulated in the service letter. He was rejected by several companies before ultimately obtaining a position.

After learning that Mutual had been engaged in a company-wide effort to reduce its workforce from 1988 to 1997, Arthaud came to believe that Mutual had stated a false reason for his termination to prevent other employees from learning of the downsizing. He brought suit against Mutual for (1) breach of an implied covenant of good faith, (2) promissory estoppel, (3) fraud, (4) defamation, (5) violation of Missouri's service-letter statute, and (6) compelled self-defamation. Before trial,

Arthaud voluntarily dismissed the service-letter claim. The district court granted summary judgment in favor of Mutual on the implied covenant of good faith, promissory estoppel, and defamation claims. It submitted the fraud and compelled self-defamation claims to the jury.

The jury found in favor of Mutual on the fraud claim but in favor of Arthaud on the compelled self-defamation claim. It awarded Arthaud $50,000 in actual and $125,000 in punitive damages. The district court denied Mutual's renewed motion for judgment as a matter of law, and this appeal followed.

## II.

We review de novo the denial of a motion for judgment as a matter of law. See Gray v. Bicknell, 86 F.3d 1472, 1478 (8th Cir. 1996). Mutual is entitled to judgment as a matter of law only if there was insufficient evidence to support the jury verdict. Id. (quoting Fox v. T-H Continental L.P., 78 F.3d 409, 413 (8th Cir. 1996)). In making this determination, we view all facts and resolve any conflicts in favor of Arthaud, giving him the benefit of all reasonable inferences. See Varner v. National Super Markets, Inc., 94 F.3d 1209, 1212 (8th Cir. 1996), cert. denied, 117 S. Ct. 946 (1997).

To make out a claim of compelled self-defamation, Missouri law requires a plaintiff to show: (1) that the employer stated a false reason for termination; (2) that the employer knew the statement was false or had serious doubt about its truth when it was made; (3) that the employer intended or had reason to suppose that the statement would be disclosed to a third party; (4) that the statement tended to expose the employee to contempt within his profession; (5) that the statement was communicated to prospective employers; and (6) that the employee suffered actual damages to his reputation. See Herberholt v. dePaul Community Health Ctr., 625 S.W.2d 617, 624-25 (Mo. 1981) (en banc) (per curiam); Neighbors v. Kirksville

College of Osteopathic Med., 694 S.W.2d 822, 824-25 (Mo. Ct. App. 1985); <u>Nazeri v. Missouri Valley College</u>, 860 S.W.2d 303, 313-14 (Mo. 1993) (en banc); Missouri Approved Instruction-Civil 23.06(1). Mutual contends that Arthaud did not prove that he suffered any actual damages because he did not show that any prospective employers relied on Mutual's false statement in denying him employment. We agree.

Historically, defamation that harmed a person's trade or profession constituted defamation <u>per se</u>, which allowed for a presumption of damages. <u>Nazeri</u>, 860 S.W.2d at 311. Since <u>Nazeri</u>, however, Missouri courts require a showing of actual damages in all defamation cases. <u>See</u> <u>id.</u> at 313. To demonstrate actual damages, plaintiffs must show that defamatory statements caused a quantifiable professional or personal injury, such as interference with job performance, psychological or emotional distress, or depression. <u>See</u> <u>Jenkins v. Revolution Helicopter Corp.</u>, 925 S.W.2d 939, 942-43 (Mo. Ct. App. 1996) (requiring plaintiffs to show monetary damages in defamation cases); <u>Taylor v. Chapman</u>, 927 S.W.2d 542, 544-45 (Mo. Ct. App. 1996) (finding plaintiff's belief that her reputation was tarnished insufficient to demonstrate actual professional or personal injury); <u>Kennedy v. Jasper</u>, 928 S.W.2d 395, 400 (Mo. Ct. App. 1996) (holding that the testimony of individuals who believed defamatory statements, and of a psychiatrist regarding plaintiff's mental distress, sufficiently demonstrated actual damages).

In the compelled self-defamation context, an employee must demonstrate a causal connection between the employer's false statement and a lost job opportunity to show actual professional damages. <u>See</u> <u>Herberholt</u>, 625 S.W.2d at 625; <u>Nazeri</u>, 860 S.W.2d at 314. Communication of the false statement to a prospective employer, without more, does not establish such a causal connection. A plaintiff must show that a prospective employer actually relied on the false statement in denying him employment. <u>See</u> <u>Jasperson v. Purolator Courier Corp.</u>, 765 F.2d 736, 741-42 (8th Cir. 1985); <u>Kling v. Professional Care Ctr., Inc.</u>, 735 S.W.2d 168, 169 (Mo. Ct. App. 1987); <u>Grasle v. Jenny Craig Weight Loss Ctrs., Inc.</u>, 167 F.R.D. 406, 413-14 (E.D.

Mo. 1996) (all holding that plaintiffs failed to show actual damages because they did not present evidence that prospective employers relied on false statements in service letters in denying them employment).

Arthaud informed prospective employers about the false statement in the service letter. At trial, he showed that a conflict of interest was a serious matter in the insurance industry and that many of his peers had learned that he was terminated for that reason. He also showed that he had difficulty obtaining a new position despite being highly qualified. Arthaud relied entirely on speculation, however, for his assertion that Mutual's false statement in the service letter actually caused his difficulty in finding a job. Arthaud offered no evidence that any prospective employers relied on, or even considered, the contents of the service letter. Arthaud simply inferred from his age and qualifications that he would have found employment sooner had Mutual not made the false statement in the service letter. As a matter of law, this is insufficient to establish a causal connection between Mutual's false statement and Arthaud's alleged professional injury. Thus, Mutual was entitled to judgment as a matter of law on Arthaud's compelled self-defamation claim, a holding that perforce requires that the award of damages also be set aside.

The judgment is reversed, and the case is remanded to the district court for entry of judgment in favor of Mutual.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-