**Jess V. CUMBY, Appellant,**

v.

**FARMLAND INDUSTRIES, INC., Respondent.**

**No. KCD 26772.**

Missouri Court of Appeals, Kansas City District.

June 2, 1975.

Robert A. Iannone, Independence, John C. Russell, Raytown, for appellant.

Wm. Harrison Norton, Wilbur L. Pollard, Norton & Pollard, North Kansas City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

This is an action for damages brought by a discharged employee (appellant, hereinafter referred to as "plaintiff") against his former employer (respondent, hereinafter referred to as "defendant") for alleged violation of Section 290.140 RSMo 1969, V.A.M.S., the so-called "service letter statute". After a long trial, the jury returned a verdict in favor of the plaintiff in the sum of $10,000.00 actual and $5,000.00 punitive damages. Thereafter, the ·trial court sustained the defendant's motion for a new trial and plaintiff appealed. The issues here are limited and sharply defined.

The trial court's order granting the new trial did so upon the sole ground as "stated in paragraph one of defendant's motion for a new trial", which paragraph alleged as error:

"1. Because the trial Court erred in giving, at the request of the plaintiff,

M.A.I. Instruction 23.08 which was in words and figures as follows:

'INSTRUCTION NO. 2

Your verdict must be for the plaintiff if you believe:

First, the plaintiff was employed by the defendant for at least 90 days, and

Second, after his employment was terminated the plaintiff made a written request to the superintendent of the defendant for a letter of dismissal, and

Third, the defendant's letter did not *correctly* state the true cause of the plaintiff's termination.'

and because the statute upon which this case is based, Section 290.140 RSMo 1969 [V.A.M.S.], requires that the defendant *truly state* for what cause the employee quit service, not as in the words of the instruction, to *correctly* state the true cause, and that under the evidence of this case and the argument of the plaintiff's attorney, this defect was material and most prejudicial to the defendant." (Emphasis the defendant's)

In substance, the plaintiff's position here is that in sustaining the new trial motion upon this ground, the court erred because M.A.I. 23.08 (Instruction No. 2) is a correct, lawful, approved instruction, and reflects the Supreme Court's interpretation of the essential elements for recovery under the "service letter" statute, and that the propriety of the approved instruction is a question of law and not of fact, foreclosing the exercise of discretion.

On the other hand, the defendant asserts that the action of the trial court was proper because M.A.I. 23.08 "is contrary to the law of Missouri"; that it changes the substantive law, and thus violates Article V, Section 5, and Article I, Section 10, of the Constitution of Missouri, V.A.M.S.; and, that the giving of M.A.I. 23.08 resulted in gross prejudice to the defendant.

The service letter statute, Section 290.140 RSMo 1969, V.A.M.S., makes it the duty of the superintendent or manager of a corporation to furnish, upon written request, to any employee who has been in the service of such corporation for a period of 90 days and who has been discharged or has voluntarily quit such service, a signed letter setting forth (1) the nature and character of such employee's service; (2) the duration thereof; and (3) "truly stating for what cause, if any, such employee has quit such service". This third requirement is the one here in question.

It is apparent, and, indeed, the defendant does not claim otherwise, that the plaintiff used M.A.I. 23.08 verbatim and without change or modification. In so doing, he scrupulously followed the now clear, firm and mandatory directions of the appellate courts, that where M.A.I. is applicable, its use is required and that any deviations therefrom are deemed prejudicially erroneous unless it is made perfectly clear that no prejudice has thereby resulted. Rule 70.-01(b), (c), V.A.M.R.; Murphy v. Land, 420 S.W.2d 505, 507[4–7] (Mo.1967); Brown v. St. Louis Public Service Company, 421 S.W.2d 255, 257–259[2, 3] (Mo. banc 1967); Bueche v. Kansas City, 492 S.W.2d 835, 840–841[4] (Mo. banc 1973); Sharp v. Robberson, 495 S.W.2d 394, 399[2] (Mo. banc 1973); Offenbacker v. Sodowsky, 499 S.W.2d 421, 424[2, 3] (Mo.1973); Watterson v. Portas, 466 S.W.2d 129, 132[5, 6] (Mo. App.1971); Royal Indemnity Company v. Schneider, 485 S.W.2d 452, 458[3] (Mo.App. 1972).

The position of the trial court and of defendant here, in the light of the record, distills into the ultimate contention that M.A.I. 23.08 improperly changes the substantive law of Missouri as contained in Section 290.140 RSMo 1969, V.A.M.S., with reference to the third requirement as to the necessary contents of a service letter. This difference between M.A.I. and the statute may be clearly pointed up thusly:

| Section 290.140 | M. A. I. 23.08 |
|---|---|
| "truly stating for what cause" | "correctly state the * * * true cause" |

■ Even before the advent of M.A.I., it was a solid principle of law that where a cause is based upon a statutory violation, it is generally sufficient to "couch the verdict-directing instruction substantially in the language of the statute". Miles v. Gaddy, 357 S.W.2d 897, 902[5] (Mo. banc 1962); May v. Bradford, 369 S.W.2d 225, 228–229[7, 8] (Mo.1963); Rooney v. Lloyd Metal Products Company, 458 S.W.2d 561, 570[10] (Mo.1970); Matta v. Welcher, 387 S.W.2d 265, 273–274[12, 13] (Mo.App.1965). This principle was thus stated in Arky v. Kessels, 262 S.W.2d 357, 358[3] (Mo.App.1953):

" * * * Though frequently in an instruction directing a verdict for the violation of a statute or ordinance, its exact verbiage is used, it is not necessary to do so as long as its substance is incorporated. * * * "

The substance of Section 290.140 in the particular here under consideration is incorporated in M.A.I. 23.08. It is a futile exercise in semantics to assert that there is any substantial difference in meaning between "correctly state the * * * true cause" and "truly stating for what cause" a person's employment is terminated. The basic and fundamental thrust of each phrase is that the real, honest and factual reasons be stated in the service letter. Both phrases are completely consistent with the purpose of the service letter statute, which was described in Cheek v. Prudential Ins. Co. of America, 192 S.W. 387, 392–393[5, 9] (Mo. 1917) as "a wise exercise of the police power of the state" that "affects a class composed of many thousands of people as to whom, if not protected from the evil mentioned, great hardships, injustice, and oppression could be perpetrated upon them". In Walker v. St. Joseph Belt Ry. Co., 102 S.W.2d 718, 723–724[3] (Mo.App.1937), the court stated:

"The plaintiff was entitled to a letter stating the *true cause* of his discharge so that he might thereby prevent blacklist-ing by the defendant." (Emphasis supplied)

See also: Howe v. St. Louis Union Trust Company, 392 S.W.2d 625, 630[8] (Mo.1965); Woods v. Kansas City Club, 386 S.W.2d 62, 66–67 (Mo. banc 1964); 31 Mo.Law Review 505 (Fall 1966).

In Cheek v. Prudential Insurance Co., supra, the Supreme Court held that the service letter statute did not violate the Fourteenth Amendment of the Federal Constitution or any other constitutional provision, state or federal (192 S.W. 387, 393[10]), which would include the due process provision as contained in Article I, Section 10, of the Constitution of Missouri. It is equally clear that by adopting M.A.I. 23.08, the Supreme Court did not trespass into the field of substantive law as prohibited by Article V, Section 5, of the Constitution of Missouri.

While somewhat obscure, it can be gleaned from defendant's brief that its real objection to M.A.I. 23.08 is the use of the word "correctly", a view apparently adopted by the trial judge. It seems that the defendant clothes that word with the meaning of "specificity" or "detail", so that the phrase used in M.A.I. 23.08 improperly emerges with the meaning of requiring that the service letter "specifically or in exact detail state the true cause" of the termination. It claims that this invited plaintiff's counsel to make highly prejudicial jury arguments regarding the generality of the reasons expressed in the service letter here involved.

■ Section 290.140 RSMo 1969, V.A. M.S., does require that valid, clear, and true reasons for the termination be set forth. Generalities do not fulfill the requirements nor meet the standards of the statute as interpreted by the courts. Williams v. Kansas City Transit, Inc., 339 S.W.2d 792, 799[11] (Mo.1960); Walker v. St. Joseph Belt Ry. Co., 102 S.W.2d 718, 723–724[3] (Mo.App.1937).

The service letter here involved states that plaintiff was terminated because he failed to:

"(1) effectively carry out their (his supervisors') instructions, (2) give them proper cooperation in carrying out company programs, (3) adequately inform them on problems relating to your job, (4) exercise proper initiative and care in planning and performing the work assigned to you, and (5) maintain acceptable working relations with some of the personnel with whom you dealt."

■ In his arguments to the jury, plaintiff's counsel urged in a forceful and effective manner that these reasons were plural and general and that the letter did not state the true cause or causes of plaintiff's termination. Two observations seem appropriate. First, the causes stated in the letter are general and non-specific in character and constitute a blanket indictment of his services, and the argument of counsel was proper in attacking them for that reason. Second, no objection was made to any portion of the argument nor other relief sought during the trial, and no allegation of error as to the argument was raised in defendant's motion for a new trial, and, therefore, nothing was preserved for review on this point.

■ Whether or not the defendant complied with the provisions of Section 290.140 RSMo 1969, V.A.M.S., was a factual issue for the jury's determination and was concluded by its verdict. The propriety of Instruction No. 2 (M.A.I. 23.08) was and is a question of law which allows no room for the exercise of the trial court's discretion, to which proper deference must be given as to questions of fact. In this posture, the general rule giving wide latitude to a trial court in the matter of sustaining a motion for a new trial has no application. Loftus v. Metropolitan St. Ry. Co., 220 Mo. 470, 119

S.W. 942, 944–945[2] (1909); Highfill v. Brown, 340 S.W.2d 656, 664[11] (Mo. banc 1960); Medical West Building Corporation v. E. L. Zoernig and Company, 440 S.W.2d 744, 750[12] (Mo.1969); Wims v. Bi-State Development Agency, 484 S.W.2d 323, 326[7] (Mo. banc 1972).

The authorities relied upon by defendant to support its theory and the trial court's action in sustaining its motion for a new trial have been carefully examined and are not persuasive here. In Gridley v. Johnson, 476 S.W.2d 475 (Mo.1972), the court concluded that the phrase "in good standing" should be eliminated from M.A.I. 11.06 pertaining to medical negligence and the degree of care required of physicians. In Friederich v. Chamberlain, 458 S.W.2d 360 (Mo. banc 1970), the court overruled decisional law with reference to skidding automobiles on the wrong side of the road, which resulted in a modification of M.A.I. 17.13. In Keener v. Dayton Electric Manufacturing Company, 445 S.W.2d 362 (Mo. 1969) the court adopted the rule of strict liability in products liability cases and set forth in its opinion a form of instruction to be used in such cases.

In Ambrose v. State Department of Public Health and Welfare, 319 S.W.2d 271 (Mo.App.1958), the court defined and contrasted substantive and procedural law and held that a statutory amendment to the law concerning aid to dependent children was substantive and therefore could not be applied retroactively. In In re Interest of T—— G——, 455 S.W.2d 3 (Mo.App.1970), the court held that the constitutional authority lodged in the Supreme Court to establish rules of practice did not authorize that court to change by rule the substantive law referring to appeals. Slagle v. Singer, 419 S.W.2d 9 (Mo.1967) involved an instruction in an action for wrongful death where the plaintiff was charged with contributory negligence in the bailment of a defective automobile. M.A.I. did not contain an in-

struction applicable to the situation. The court held that the instruction tendered by defendant, which modified M.A.I. 26.01, was proper.

■ M.A.I. 23.08 (Instruction No. 2) was properly given and the conclusion inevitably results that the trial court erred in granting defendant's motion for a new trial, and the judgment is therefore reversed and the cause remanded with directions that the judgment in favor of the plaintiff and against the defendant be reinstated as of the date of its original entry.

All concur.