Greg GLORIA, Plaintiff-Respondent,

v.

The UNIVERSITY OF HEALTH SCIENCES, Defendant-Appellant.

No. WD 36279.

Missouri Court of Appeals, Western District.

July 15, 1986.

Milton C. Clarke (argued) Louise L. Lucas, Kansas City, for defendant-appellant.

Joseph H. Ernst (argued), Grandview, Charles E. French, Belton, for plaintiff-respondent.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

NUGENT, Judge.

The defendant University of Health Sciences, appeals a judgment under the service letter statute, § 290.140,[1] in favor of its former employee, plaintiff Greg Gloria, for $100,000 punitive damages. Defendant among other challenges to the judgment asserts that the recent amendment to § 290.140[2] bars this award of punitive damages. That assertion is dispositive of the case, and on that basis we reverse the judgment.

Simply stated, the facts of the case are that defendant University operates a medical college and hospital and hired plaintiff Greg Gloria as a maintenance supervisor in September, 1980. Later the defendant raised his salary, gave him a good job performance rating and in October, 1980, a promotion.

In March, 1982, however, the University terminated plaintiff. His supervisor Mr. Bartlett, told him that the reason for his discharge was that "[t]hings just didn't work out." At trial Mr. Bartlett said that with the complaints he was receiving about plaintiff's job performance he could no longer rely on plaintiff's ability to handle the maintenance personnel. On March 10, 1982, Mr. Bartlett prepared a termination report on plaintiff showing that plaintiff was "released" rather than "discharged" and that the reason for termination was "unsatisfactory work performance."

Defendant later furnished plaintiff a service letter which stated that the reason for his termination was "unsatisfactory work performance." Plaintiff then brought this action for actual and punitive damages.

[redacted] The service letter is insufficient as a matter of law to satisfy the requirements of § 290.140. That section provides that upon the written request of a corporation's former employee the corporation has a duty to issue to the employee a letter setting forth the nature and character of his services and the duration thereof and truly stating the cause of termination. The purpose of the statute is to deter corporate employers from destroying or severely impairing the employability of former employees by furnishing a false or misleading reason for their discharge. The short statement "unsatisfactory work" is too vague to constitute a cause for discharge under the statute. *Stark v. American Bakeries Co.*, 647 S.W.2d 119, 123 (Mo. 1983) (en banc). In the instant case, however, plaintiff presented no substantial evidence of any actual damage caused by the letter. Therefore, he was awarded nominal damages of one dollar, an award not challenged on appeal. Nominal damages may serve as a basis for punitive damages if the plaintiff can show that the defendant acted with malice. *Id.* at 123; *Herberholt v. dePaul Community Health Center*, 625 S.W.2d 617, 624 (Mo.1981) (en banc).

[redacted] But plaintiff is now faced with the decision in *Vaughan v. Taft Broadcasting Co.*, 708 S.W.2d 656 (Mo.1986) (en banc), handed down on April 15. The Supreme Court has now asked us to reconsider this case in light of the *Vaughan* decision.[3] In *Vaughan*, the Supreme Court decided that the 1982 amendment of the Service Letter Statute, § 290.140, applies retroactively to its effective date of August 13, 1982. The effect of that retroactive enactment is, as defendant herein contended, to bar this plaintiff's recovery of punitive damages

1. The statute was amended in 1982; however, this claim was asserted under the unrevised version of the statute. All sectional references are to Missouri Revised Statutes, 1978, unless otherwise indicated.

2. Missouri Revised Statutes (Cum.Supp.1982).

3. This case was transferred to the Supreme Court on plaintiff's motion after our disposition on October 15, 1985, based on our view that the plaintiff had failed to sustain its claim for punitive damages. On May 13, 1986, the Supreme Court retransferred the case to us.

even though the service letter here in question was written and delivered in June, 1982, and plaintiff filed his petition in July, 1982. That is because the Supreme Court has now declared that, as of the effective date of the amendment of § 290.140, plaintiff had no vested right to punitive damages under § 290.140. That is so, says the Supreme Court, because punitive damages are remedial and a plaintiff acquires no vested right to such damages before judgment is entered.

Thus, plaintiff's action for punitive damages was barred by the retroactive 1982 amendment of § 290.140, and the trial court erred in submitting a punitive damages instruction to the jury.

For the foregoing reasons, we reverse the judgment.

All concur.