Mary Kay HILLS, Appellant,

v.

McCOMAS RENTALS, INC.
Respondent.

No. WD 41297.

Missouri Court of Appeals,
Western District.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 31, 1989.

David Edw. Martin, Independence, for appellant.

Lauri J. Laughland, Kansas City, for respondent.

Before GAITAN, P.J., and
MANFORD and ULRICH, JJ.

GAITAN, Presiding Judge.

Mary K. Hills, plaintiff, brought an action for damages against McComas Rentals for failure to supply a service letter pursuant to § 290.140, RSMo 1986. The trial judge in this court tried case found for defendant, McComas Rentals. Plaintiff appeals, arguing the trial court erred in that: (1) Hills complied with the requirements of § 290.140, and McComas Rentals failed to provide substantial evidence that it complied with the statute; and (2) Hills' compliance entitles her to nominal and punitive damages for McComas Rentals' failure to comply with the statute. We reverse and remand with directions.

Plaintiff was employed by McComas Rentals on or about July of 1985. Her job duties were in the nature of bookkeeping and office work. McComas Rentals terminated plaintiff's employment in March of 1987. She testified that she was unemployed from March until June of 1987, at which time she accepted a position with U–Haul of Independence. Plaintiff voluntarily left U–Haul's employ after three or four months, and remained unemployed through October 6, 1988, the date of trial.

On December 5, 1987, plaintiff wrote the following letter to Kim McComas, president of McComas Rentals.

> I am requesting a written reply stating the cause for my dismissal in March of 1987 as required by the Revised Statutes of Missouri, Section 290.140.
>
> s/Mary Penn [1]
> Please send reply to 1405 Baker Drive, Independence, Missouri 64050.

The letter was mailed certified, return receipt requested. McComas Rentals stipulated as to Hills' compliance with the requirements of § 290.140 regarding request for a service letter.

Plaintiff testified she resided at the Independence address for 90 days following her request for a service letter, and that she never received a response from McComas Rentals.

During trial, Kim McComas admitted that she had received the request on December 7, 1987. She stated she was not aware of the existence of § 290.140, or that by law she was required to respond to the request. Despite these assertions, Kim McComas produced a copy of a letter, on company letterhead, dated December 17, 1987 which read as follows:

> Mary, as stated to the you the day you were laid off, your position (bookkeeper) is being eliminated. The position has not been reinstated to date.
>
> s/Kim McComas

The letter was introduced into evidence without objection. On cross-examination, McComas conceded the letter was not sent certified mail and that Hills' address did not appear on the letter. She did state that she prepared and typed the letter herself, and that she "sent it out ..." The copy of the December 17 letter from McComas was the only evidence produced supporting McComas Rentals' contention that a service letter was sent to Hill.

This case was tried to the court on October 6, 1988 and taken under advisement. The trial court made a docket entry finding for defendant, McComas Rentals, on October 11, 1988. Plaintiff filed a motion for new trial on November 10, 1988 which was overruled on the same date. This, too, was only done by docket entry.

---

1. Mary Penn and Mary K. Hills are one and the   same person.

In reviewing a trial court's judgment in a court tried case, an appellate court must affirm unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *A.L. Huber & Sons v. Jim Robertson Plumbing,* 760 S.W.2d 496, 498 (Mo.App.1988); *see also* Rule 73.01(c). The service letter statute, revised in 1982 states:

290.140. Letter of dismissal, when—failure to issue, damages—punitive damages, limitations.—1. Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, requests in writing by certified mail to the superintendent, manager, or registered agent of said corporation, with specific reference to the statute, *it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.*

[Emphasis added].

2. Any corporation which violates the provisions of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer *did not issue the requested letter, said employer may be liable for nominal and punitive damages;* but no award of punitive damages under this section shall be based upon the content of any such letter.

[Emphasis added].

"If any employee meets the statutory prerequisite to be entitled to a service letter, he has a cause of action if the corporation fails to issue a letter or issues the letter not conforming to all the statutory requirements." *Labrier v. Anheuser Ford Inc.,* 621 S.W.2d 51, 57 (Mo. banc 1981). At trial, plaintiff presented evidence that at the time of her termination, McComas Rentals employed seven persons, that she was employed at McComas Rentals for a period exceeding 90 days, and that her request for a service letter was within one year of her termination. Again, McComas Rentals stipulated as to plaintiff's compliance with the requirements of § 290.140.

Inasmuch as plaintiff has complied with § 290.140, we must now determine whether or not the defendant has fulfilled its requirement in response thereto. We must assume from the ruling that the trial court believed that McComas Rentals complied with its responsibilities under § 290.140. That it, in fact, provided a service letter to the plaintiff.

Plaintiff bears the burden of demonstrating the absence of sufficient evidence to support the trial court's decree. *See In Interest of H.J.P.,* 669 S.W.2d 264, 272 (Mo.App.1984). Missouri law, which incorporates a rebuttable presumption of delivery, requires proof that the letter was put in an envelope with the correct address of the recipient, with sufficient postage and placed in the mail. *Lake St. Louis Community Association v. Ringwald,* 652 S.W.2d 158, 160 (Mo.App.1983); *Miller v. Hancock Mutual Life Insurance Company,* 155 S.W.2d 324, 327–28 (Mo.App.1941). When direct proof is impractical, due to the large volume of mail involved in a particular office, absent a showing that the mail was not received, evidence of the settled custom and usage of the sender in the regular and systematic transaction of its business is sufficient. *Lake St. Louis Community Association v. Ringwald,* 652 S.W.2d at 160–61; *First National Bank of Independence v. Mid–Century Insurance*

*Company,* 559 S.W.2d 50, 52 (Mo.App. 1977).

■ In *Miller,* the trial court refused to admit into evidence a carbon copy of a letter reportedly mailed, when no showing was made that the letter was enclosed in a properly addressed envelope, postage prepaid, or how, where, or when the letter was mailed. *Miller v. John Hancock Mutual Life Insurance Company,* 155 S.W.2d at 327–28. The St. Louis Court of Appeals held that while a carbon copy may be admitted into evidence, proper foundation must be laid before it is admissable, and upheld the trial court's decision. *Id.* at 328. When proof exists as to proper mailing, a rebuttable presumption is created, and proof to the contrary when offered creates an issue for the trier of fact. *Price v. Ford Motor Credit Company,* 530 S.W.2d 249, 253 (Mo.App.1975); *Williams v. Northeast Mutual Insurance,* 72 S.W.2d 166, 167 (Mo.App.1934).

■ At trial, foundation was improperly laid for the admittance of Kim McCommas' December 17 letter. Prior to introduction of the letter into evidence, no evidence was introduced as to where the letter was addressed, whether it was mailed postage prepaid, the method of mailing nor precisely when the letter was mailed. McComas later testified that she signed the letter, that she prepared and typed the letter herself, and that she "sent it out herself" to the address on Baker Drive. Again, plaintiff denies ever receiving this letter.

Other than the testimony of Kim McComas which served as the foundation by which the December 17th letter was admitted into evidence, the defense presented no other evidence of McComas Rentals' properly responding to plaintiff's request. Here, we have a letter dated without an address and with a first name only. We do not know from the letter with certainty who the addressee is, or where the letter was to have gone. We do not know whether this letter was properly enclosed in an envelope, postage paid, and placed into the United States mail. The fact that plaintiff did not receive this letter supports the proposition that she may not have been the addressee.

■ When McComas' attorney initially attempted to use the letter at trial, plaintiff's counsel objected as to improper foundation. However, after an effort to cure the objection, the defense counsel asked to introduce the letter into evidence, and plaintiff's attorney stated he had no objection. By so doing he stipulated to its content. Therefore, although an insufficient foundation was laid for the introduction of the December 17th letter, we find that a purported service letter was sent.

■ While the trial court based its decision on a finding that the December 17th letter was a service letter, the court's judgment is still susceptible to challenge as an erroneous application of the law. This notwithstanding plaintiff's counsel's failure to object to its admission. The December 17th letter did not meet all the statutory requirements of a service letter under § 290.140(1). "If the employer fails to provide a service letter or provides a letter that is deficient in one or more respects a cause of action accrues in favor of the employee." *Rotermund v. Basic Materials Co.,* 558 S.W.2d 688, 691 (Mo.App.1977). The McComas letter of December 17th stated the cause of Hills' discharge, but not the duration of employment or character of her service. Thus it was defective.

In *Ball v. American Greetings Corp.,* 752 S.W.2d 814 (Mo.App.1988), this Court held that the failure to state a cause for discharge, or any other component of the letter as defined by the statute, constitutes a refusal to issue a service letter. *Id.* at 821.

*Ball* interprets the revised 1982 statute as to only allow for compensatory, not punitive damages, if the service letter contains a cause for discharge, even if such cause is mistaken. It finds that § 290.140(2) continues to allow for punitive damages if no service letter is issued, and that a failure to meet all three requirements for the contents of a service letter is equivalent to nonissuance.

The decision in *Ball* appears to follow prior Missouri case law and is a strict application of § 290.140. The Kansas City Court of Appeals held in *Walker v. St. Joseph Belt Ry Co.*, 102 S.W.2d 718, 724 (Mo.App.1937), that a letter which was not signed by a superintendent or manager in his corporate capacity, and which failed to state the cause for termination, did not meet the requirements of the statute, and, therefore, the plaintiff was denied a service letter.

The Missouri Supreme Court found similarly in *Stark v. American Bakeries Co.*, 647 S.W.2d 119 (Mo. banc 1983). In *Stark*, the court found that the statement that "work was unsatisfactory" was to vague to constitute a cause of discharge pursuant to § 290.140. *Id.* at 143. The court held that the defendant was liable for nominal damages, but that insufficient evidence existed as to the proper malice to justify punitive damages. *Id.* It would therefore appear that the court inferred that a defective letter equaled nonissuance.

The Western District, citing *Walker* in *Cumby v. Farmland Industries, Inc.*, 524 S.W.2d 132, 135 (Mo.App.1975), stated that "[g]eneralities do not fulfill the requirements nor meet the standards of the statute as interpreted by the courts." In *Cumby* the employer stated the cause for termination in general terms. The court held that whether the letter complied with § 290.140 was a question for jury. Further, Judge Nugent, writing for the Court in *Gloria v. University of Health Sciences*, 713 S.W.2d 32, 33 (Mo.App.1986), found that a service letter stated a cause of action too vague to comply with the statute. Following *Stark*, the Court held that an action could be brought against the defendant for actual, nominal, and punitive damages. This Court therefore finds that the December 17 letter failed to meet the requirements of § 290.140 and thus is equivalent to a nonissuance.

■ While plaintiff does not plead actual damages in her points and authorities, there is a weak argument in the text of her brief. In order for a plaintiff to make a submissible case for actual damages, she must show:

(1) that on or about an approximate date the plaintiff was either refused employment or hindered in obtaining such employment; (2) that the refusal or hinderance was caused by the absence or inadequacy of the service letter; (3) that the position the plaintiff had difficulty obtaining was actually open; and ,(4) the salary rate of the position.

*Herberholt v. dePaul Community Health Center*, 625 S.W.2d 617, 622–23 (Mo. banc 1981); *Kling v. Professional Care Center, Inc.*, 735 S.W.2d 168, 169 (Mo.App.1987).

During the trial, Hills testified that during her initial period of unemployment she applied for work at Bell Pest Control, but they refused to hire her because of a conflict with Kim McComas. That conflict was not explained. Hills presented no other evidence as to actual damages.

She failed to meet her burden to show actual damages under *Herberholt*. While she may have not received employment from Bell Pest Control due to Kim McComas, no evidence was presented that Bell requested a service letter or denied employment because Hills had no service letter. Additionally, the job application occurred prior to plaintiff's request for a service letter on December 5, 1987. The statute requires an employer to issue a service letter only upon the employee's request. McComas Rentals cannot be liable for alleged actual damages which occurred prior to its legal duty. Hills provides no evidence of actual damages following the request for the service letter.

■ Since a nonissuance occurred, plaintiff Hills would be entitled to nominal damages and a possible recovery of punitive damages. Our State Supreme Court recently addressed the confusion that existed within the legal community regarding the quantum and nature of the evidence necessary to support an award of punitive damages in *Burnett v. Griffith*, 769 S.W.2d 780, 787 (Mo. banc 1989). The Court noted that Missouri was the only state to recognize three levels of malice, and that discord existed among those schooled in law as to

the appropriate level of malice applicable to punitive damages. *Id.* at 789; *see also, Sanders v. Daniel International Corp.,* 682 S.W.2d 803, 811 (Mo. banc 1984). In order to end such confusion, the Court in *Burnett* described the level of malice necessary to appropriately award punitive damages as "conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others." *Burnett v. Griffith,* 769 S.W.2d at 789. While the *Burnett* decision involves punitive damages in cases of intentional torts, we find it analogous to the statutory imposition of punitive damages.

Evidence existed at trial that Hills' request for a service letter cited § 290.140. McComas Rentals stipulated that Hills complied with statutory requirements. McComas testified that she was not aware of the Missouri Letter Statute, that she was required by law to respond to Hills' request, and did not become aware till she retained an attorney at time of this suit. Plaintiff Hills argues that the request for a service letter stated the applicable statute; that defendant McComas Rentals received notice of the existence of the statute and could have verified its duty under the law.

No evidence exists in the record that McComas Rentals intended not to comply with the service letter statute, that McComas Rentals' failure to comply was based on an evil motive, or that such failure to comply rose to the level of a reckless disregard. A failure to respond to a service letter request, in and of itself, is not sufficient grounds to award punitive damages. *Willet v. Slay Warehousing Co., Inc.,* 735 S.W.2d 60, 62 (Mo.App.1987). At best, McComas Rentals' conduct appears negligent but not malicious.

Defendant McComas Rentals requested that plaintiff be assessed defendant's attorneys fees and expenses pursuant to Rule 84.19. As this Court found plaintiff's appeal with merit, defendant's request is denied.

The judgment of the trial court is reversed and remanded with directions that the trial court enter $1 (ONE DOLLAR) nominal damages and $0 (ZERO DOLLARS) punitive damages.

All concur.