**J & J HOME BUILDERS, INC., d/b/a
Home Source, et al., Appellants,**

v.

**Barbara HASTY, Respondent.**

No. 73725.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 23, 1999.

---

G. Carroll Stribling, Jr., G. Kimberley Diamond, Ziercher & Hocker, P.C., Clayton, for appellant.

Kenneth Byrne, Schlueter & Byrne, P.C., St. Louis, for respondent.

## OPINION

JAMES R. DOWD, Presiding Judge.

J & J Home Builders, Inc. ("J & J") appeals from the judgment of the trial court following a jury trial in an action brought by Barbara Hasty based in part on the Missouri service letter statute, section 290.140 RSMo 1994.[1] The jury awarded Ms. Hasty $1.00 in actual damages and $13,750.00 in punitive damages on the service letter cause of action. J & J appeals from the punitive damage award. We affirm.

J & J hired Ms. Hasty on September 15, 1991 to sell homes and in November of 1991, Ms. Hasty signed an employment contract. On May 4, 1996, Carla J. Courtney, J & J's vice president and sales manager, fired Ms. Hasty. In a letter dated July 18, 1996, Ms. Hasty requested a service letter from J & J pursuant to section 290.140. J & J respond-

---

1. Ms. Hasty also brought a claim for tortious conduct that she dismissed and a claim for breach of contract upon which the jury awarded her $30,000.00.

ed with the following letter dated July 23, 1996 and postmarked August 15, 1996:

July 23, 1996

To whom it may concern:

Barb Hasty was employed by Home-Source, a J & J Home Builders Company, from *9–15–91* to *5–10–96* in the position of salesperson.

During her employ, Barb's productivity was satisfactory. She was discharged for misconduct, which was unrelated to her sales quotas but was directly detrimental to the success of the company.

Sincerely,

HomeSource

Carla J. Courtney

Vice–President

CJC:sjd

J & J does not dispute that its letter contained errors. J & J concedes that the letter was not signed by a superintendent or manager, listed Ms. Hasty's termination date as May 10, 1996 rather than May 4, 1996, and was sent to Ms. Hasty's former address rather than the return address shown on her request letter. These conceded errors mirror Ms. Hasty's allegations in the petition and the issues actually submitted to the jury.

Ms. Hasty brought this action alleging that J & J intentionally, willfully, and wrongfully did not issue a service letter. A trial was held and the jury awarded Ms. Hasty $1.00 in actual damages and $13,750.00 in punitive damages. The trial court entered judgment in accordance with the jury's findings. J & J's post-trial motions were denied. J & J appeals from the trial court's ruling.

■ On appeal, J & J contends that the trial court erred in submitting the issue of punitive damages to the jury because J & J issued a service letter to Ms. Hasty and there was no evidence of malice. We disagree.

Section 290.140 RSMo provides:

1. Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, requests in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.

2. Any corporation which violates the provisions of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damages under this section shall be based upon the content of any such letter.

■ Punitive damages are allowable in the event that the evidence establishes that the employer did not issue the requested letter. *Ball v. American Greetings Corp.*, 752 S.W.2d 814, 821 (Mo.App. W.D.1988). An employer fails to issue a service letter if the letter fails to address any of the requirements of section 290.140.1. *Uhle v. Sachs Elec.*, 831 S.W.2d 774, 776 (Mo.App. E.D. 1992). Section 290.140.1 requires an employer to issue a letter which includes: (1) the nature and character of service rendered by the employee to the corporation; (2) the duration of the employment service; (3) the true cause, if any, the employee was discharged or voluntarily left service; and (4) the signature of the superintendent or manager. *Ball*, 752 S.W.2d at 820.

Here, J & J's letter to Ms. Hasty is unsigned. J & J argues that Carla Courtney's typewritten name on J & J's letterhead is sufficient or that the omission is an error or mistake in content for which punitive dam-

ages are not allowable under section 290.140.2. We disagree.

As noted above, section 290.140.1 requires that a service letter be "duly signed by the superintendent or manager." Failure to satisfy any of the requirements of section 290.140.1 constitutes refusal to issue the requested letter. *Id.* at 821 (failing to state the cause for discharge held to be a refusal to issue a service letter); *Hills v. McComas Rentals, Inc.*, 779 S.W.2d 297, 300 (Mo.App. W.D.1989) (failing to provide duration of employment or character of service held to be equivalent to non-issuance of service letter). Accordingly, we find that J & J's letter omitting the signature constitutes a non-issuance of a service letter.

 J & J contends, that even if it failed to issue a service letter, there was insufficient evidence of malice on its part to justify submitting the issue of punitive damages to the jury. In deciding whether plaintiff made a submissible case on the issue of punitive damages, we construe the evidence, along with all reasonable inferences to be drawn therefrom, in the light most favorable to plaintiff. *Ryburn v. General Heating & Cooling, Co.*, 887 S.W.2d 604, 606 (Mo.App. W.D.1994). The jury is free to believe all, part, or none of any witness' testimony. *Id.* Punitive damages may be awarded for conduct on the part of the employer that is outrageous because of the employer's evil motive or reckless indifference to the rights of others. *Hills*, 779 S.W.2d at 302.

Here, Ms. Hasty's evidence supports an inference that J & J's reason for refusing to supply a service letter was the product of reckless indifference to her rights. Ms. Hasty offered evidence that she met J & J's employment criteria, was fired and escorted from the premises by the police, and was not paid commissions for valuable services rendered to J & J. Ms. Hasty alleged that she was fired so that she could not complete her pending sales contracts and collect commissions due her on those contracts. The jury apparently believed that J & J treated Ms. Hasty unfairly with respect to the employment contract as evidenced by its $30,000.00 award. In addition, the jury could reasonably conclude that failing to sign the letter,

sending the letter to her former address two weeks after it was prepared and providing an erroneous date of termination was outrageous because of J & J's reckless indifference for the rights of Ms. Hasty under the statute. The evidence shows that Ms. Courtney spoke with her attorney regarding the service letter and was cognizant of the requirements of the service letter statute and that she did not review or sign the letter before it was sent. In entering its verdict, the jury did not believe that the deficiencies in the letter were inadvertent or mistakes as J & J contends. Accordingly, the trial court did not err in submitting the issue of punitive damages to the jury.

The judgment of the trial court is affirmed.

LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J., concur.