Kevin J. RUZICKA, Plaintiff/Appellant,

v.

HART PRINTING COMPANY, et al., Defendants/Cross–Appellants/Respondents.

No. ED 76364.

Missouri Court of Appeals, Eastern District, Division Four.

June 6, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 2000.

68

William J. Travis, Mary P. McInnis, Greenfelder, Hemker & Gale, P.C., St. Louis, for appellant.

Bini, Feldmann, Steib, Reid & Kohn, P.C., Chas H. Steib, St. Louis, for respondent.

HOFF, Judge.

Kevin J. Ruzicka (Ruzicka) appeals the judgment entered in favor of Hart Printing Company (Hart) and Roger J. Curdt (Curdt) (collectively Respondents) on Ruzicka's claim for breach of contract, breach of fiduciary duty, and dissolution of the corporation, and on Respondents' cross appeal from the judgment in favor of Ruzicka on his service letter claim. We reverse in part and affirm in part.

On March 1, 1993, Ruzicka began working at Hart, which is owned by Curdt. Until March 1997 Ruzicka and Curdt had an oral agreement regarding the terms of Ruzicka's employment. The parties entered into an Employment Agreement dated January 1, 1997, which was prepared by Charles Steib (Steib), Respondents' attorney. Ruzicka was vice president and chief operating officer of Hart, and a minority shareholder. Curdt and Ruzicka agreed Ruzicka would acquire up to 49% ownership of the stock, with an understanding he could acquire a majority of the stock upon release of Curdt's personal assets that were pledged as collateral.

After a non-jury trial, the trial court entered a judgment denying: (1) Ruzicka's corporate dissolution claim; (2) Ruzicka's breach of fiduciary duty claim; (3) Ruzicka's breach of contract claim; (4) Ruzicka's claim for specific performance to acquire 49% of the Hart stock, and awarding Ruzicka $50,000 representing the value of the 22% of stock owned by Ruzicka, and $43,000 for the value of Ruzicka's interest in LARK Properties, L.L.C. The court also entered a judgment awarding: (1) Ruzicka $78,000 in damages pursuant to Section 290.140 RSMo 1994 [1] for the service letter issued by Respondents; (2) Ruzicka $27,000 in attorney's fees; (3) Respondents $11,450 in damages for Ruzicka's unauthorized expenditures, damage to computers, and damage to an automobile; (4) Respondents $1,000 in damages for Ruzicka's breach of contract; and (5) Respondents $35,000 in attorney's fees on their counter-

claim seeking removal of Ruzicka as Director of Hart. The parties' appeals followed.

On appeal, Ruzicka argues the trial court erred in: (1) entering judgment in favor of Respondents on the breach of contract claim because Respondents materially breached the Employment Agreement, (2) entering judgment in favor of Respondents on the breach of fiduciary duty claim because Curdt froze Ruzicka out of Hart, (3) entering judgment in favor of Respondents on the claim for dissolution of the corporation because Curdt used his controlling majority interest in Hart to freeze out the sole minority shareholder Ruzicka to Curdt's financial advantage, (4) failing to grant Ruzicka specific performance of the Employment Agreement to provide him with 49% of the stock in Hart, (5) failing to rule on Ruzicka's motion for sanctions against Respondents for their failure to produce documents, (6) awarding Ruzicka judgment for only one-half of his attorney's fees, and (7) entering judgment in favor of Respondents on their first, second and third counterclaims. Respondents cross appeal arguing the trial court erred in: (1) awarding damages to Ruzicka due to issuance of the service letter, (2) awarding costs and attorney's fees of $27,000 to Ruzicka, (3) failing to award the two Personal Seat Licenses (PSLs) to Respondents, and (4) failing to award Curdt and Hart their full costs and attorney's fees as provided in the Employment Agreement.

We affirm a judgment in a non-jury case unless no substantial evidence supports the judgment, the judgment is against the weight of the evidence, or the judgment erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Findings of fact were not requested in this case. When neither party requests findings of fact, the court of appeals must assume all factual findings were in accordance with

1. Unless otherwise stated, all subsequent stat-    utory citations are to RSMo 1994.

the result reached by the trial court. *Whittom v. Alexander–Richardson Partnership,* 916 S.W.2d 333 (Mo.App. E.D. 1995). Additionally, we will affirm the trial court's judgment under any reasonable theory supported by the evidence. *American Family Mut. Ins. Co. v. Fehling,* 970 S.W.2d 844, 855 (Mo.App. W.D.1998).

■ In his first point on appeal, Ruzicka argues the trial court erred in entering judgment for Respondents on Ruzicka's breach of contract claim because Respondents failed to give Ruzicka proper notice of termination or severance pay. Specifically, Ruzicka contends he was not terminated for cause and therefore the Employment Agreement required payment of his salary for six months.[2] Ruzicka argues "just cause" for termination of employment only applies to those situations where an employer fires an employee for lying, stealing, repeated absence or lateness, destruction of company property, brawling and similar infractions. *Roach v. Consolidated Forwarding Co.,* 665 S.W.2d 675, 680 (Mo.App. E.D.1984). Ruzicka claims Respondents failed to produce substantial evidence sufficient for the trial court to find Ruzicka was discharged for cause, as defined in *Roach.*

Substantial evidence existed at trial showing Ruzicka was terminated for cause. Curdt terminated Ruzicka on January 5, 1998. One reason for the termination was Ruzicka's involvement with Committed to Kids (CTK) and Committed to Kids Support Services, Inc. (CTKSS). Curdt also terminated Ruzicka for abusing Hart's credit cards, intimidating Hart employees, and using Hart employees, equipment and assets in furtherance of his activities with CTK and CTKSS. In addition to terminating Ruzicka, Curdt withdrew his offer allowing Ruzicka to purchase any additional stock of Hart.

Article three of the Employment Agreement states[3] "The EMPLOYEE is required to refrain from acting in any other work capacity or employment without having first obtained prior approval of the COMPANY.... It is the COMPANY's intention that the EMPLOYEE devote all of the EMPLOYEE's work efforts toward the fulfillment of the EMPLOYEE's obligations under this Agreement."

Ruzicka was involved with CTK and CTKSS while working at Hart. Among Ruzicka's things at the office, Curdt found CTKSS letterhead and business cards with Hart's address, phone and fax numbers on them. Ruzicka had Hart employees type letters for CTKSS using Hart computers during regular business hours. Substantial evidence exists that Ruzicka engaged in another work capacity without Hart's prior consent. Therefore, Ruzicka was terminated for cause in that he breached a provision of the Employment Agreement

---

2. Article nine of the Employment Agreement states:

The employment of EMPLOYEE with the COMPANY may be terminated at any time by the COMPANY or by the EMPLOYEE upon thirty (30) days written notice. In the event the COMPANY terminates this Agreement without cause, the COMPANY shall continue to pay EMPLOYEE his regular salary until EMPLOYEE secures other full-time employment or for six (6) months from date of termination, whichever comes first. During said six (6) months, COMPANY shall provide EMPLOYEE with the same health insurance coverage available to EMPLOYEE at the time of termination.

3. Article three regarding "Other Employment" states in full:

EMPLOYEE shall devote all of his professional time, attention and skill to the business of the COMPANY. The EMPLOYEE is required to refrain from acting in any other work capacity or employment without having first obtained prior approval of the COMPANY; provided, however, EMPLOYEE shall not be precluded from devoting a reasonable amount of time to voluntary community services and not for profit organizations so long as it does not interfere with the performance of EMPLOYEE's duties to COMPANY. It is the COMPANY's intention that the EMPLOYEE devote all of the EMPLOYEE's work efforts toward the fulfillment of the EMPLOYEE's obligations under this Agreement.

and was not entitled to severance pay. Ruzicka's point one is denied.

In his second point, Ruzicka argues the trial court erred in entering judgment in favor of Respondents on Ruzicka's breach of fiduciary duty claim based on Curdt's efforts to squeeze Ruzicka out. Ruzicka urges Curdt terminated Ruzicka to coerce Ruzicka into transferring his Hart stock to Curdt without payment for it, and as a result engaged in improper self-dealing. Ruzicka cites *Fix v. Fix Material Co., Inc.,* 538 S.W.2d 351 (Mo.App. E.D.1976) in support of his breach of fiduciary duty allegations. In *Fix,* the court stated:

> the law imposes equitable limitations on the rights of dominant shareholders to act in their own self-interest. Shareholders in control are under a fiduciary duty to refrain from using their control to obtain a profit for themselves at the injury or expense of the minority, or to produce corporate action of any type that is designed to operate unfairly to the minority.

*Id.* at 358.

We find *Fix* does not apply in this case. In terminating Ruzicka, Curdt did not breach his fiduciary duty and was not acting in his own self interest. As stated in point one, the evidence supports a conclusion Ruzicka was terminated for cause. Curdt terminated Ruzicka in Hart's interest because Ruzicka breached the Employment Agreement by actively working for other unrelated entities during business hours and by using Hart employees and supplies for those other entities activities. We find substantial evidence existed for the trial court to find for Respondents on Ruzicka's breach of fiduciary duty claim. Ruzicka's point two is denied.

In his third point, Ruzicka argues the trial court erred by entering judgment in favor of Respondents on Ruzicka's claim for dissolution of Hart. Specifically, Ruzicka contends dissolution of a corporation is authorized if the court finds oppressive action directed against the minority shareholder. Respondents oppressively used the controlling majority interest owned by Curdt, who was a 78% shareholder, Ruzicka contends in order to freeze out Ruzicka, a 22% shareholder, to the advantage of the majority shareholder.

"Oppressive behavior, standing alone, is enough to cause liquidation of a corporation." *Whale Art Co., v. Docter,* 743 S.W.2d 511, 514 (Mo.App. E.D.1987). Dissolution of a corporation is a drastic remedy, however, and courts should resort to this procedure only to prevent irreparable injury, imminent danger, or loss or miscarriage of justice. *Struckhoff v. Echo Ridge Farm, Inc.,* 833 S.W.2d 463, 466 (Mo.App. E.D.1992).

As discussed earlier, Curdt's termination of Ruzicka stemmed from Ruzicka's breach of the Employment Agreement. We find the termination of Ruzicka did not constitute oppressive behavior but rather was in Hart's interest. Therefore, the trial court did not err in failing to dissolve Hart. Ruzicka's point three is denied.

In his fourth point, Ruzicka argues the trial court erred by failing to grant specific performance of the Employment Agreement provision allowing him to acquire 49% of the stock in Hart. Article seven of the Employment Agreement states in pertinent part "the EMPLOYEE shall have the option to buy up to 49% of the outstanding stock of the COMPANY." Because Ruzicka was terminated for cause, he is no longer an employee of the company. Due to Ruzicka's breach of the Employment Agreement, this provision is no longer subject to enforcement in Ruzicka's favor and Ruzicka is no longer entitled to obtain 49% of Hart's stock. Ruzicka's point four is denied.

In his fifth point, Ruzicka argues the trial court abused its discretion in failing to rule on Ruzicka's motion for sanctions against Respondents for their failure to produce discoverable documents.

Ruzicka requested the opinion letter Steib wrote concerning the termination of Ruzicka, and Curdt's "termination script." Prior to trial Ruzicka moved for sanctions for Respondents' failure to produce these documents. The "termination script" was produced the fourth day of trial. Respondents contend the opinion letter never existed, that it was a cover letter presenting Curdt with the latest draft of the Employment Agreement. The trial court did not expressly resolve Ruzicka's sanctions motion.

The trial court's failure to rule on the motion for sanctions constituted a denial of the motion. *Sturgis v. Sturgis,* 663 S.W.2d 375, 384 (Mo.App. E.D.1983). The trial court is vested with broad discretion in administering the rules of discovery and a reviewing court should not disturb a ruling absent an abuse of discretion. *State ex rel. Upjohn Co. v. Dalton,* 829 S.W.2d 83, 84 (Mo.App.E.D.1992).

We find the trial court did not abuse its discretion in denying the motion for sanctions. Although Respondents should have produced the "termination script" in a more timely manner, we do not find the information contained in the script was significantly different from the information obtained in depositions prior to trial. Ruzicka's point five is denied.

In his sixth point, Ruzicka argues the trial court abused its discretion by awarding Ruzicka $27,000 of the $55,792 in attorney's fees and costs he incurred. Ruzicka urges he is entitled to recover 100% of such fees and expenses pursuant to Article eleven of the Employment Agreement. Ruzicka contends the trial court's reduction of his fees is arbitrary and inequitable because it rewards Respondents for their oppression, breach of fiduciary duty, and breach of contract.

Respondents address this issue in point two of their cross appeal. Respondents argue the trial court erred in awarding costs and attorney's fees of $27,000 to Ruzicka in that the enforcement and construction of the Employment Agreement was decided in favor of Respondents.

The trial court is vested with broad discretion in awarding attorney's fees, and an award will be reversed only upon finding an abuse of discretion. *Halupa v. Halupa,* 943 S.W.2d 272, 273 (Mo. App. E.D.1997). "Where a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, it is error to fail to make such an award to the successful party." *Jackes–Evans Mfg. Co. v. Christen,* 848 S.W.2d 553, 557 (Mo.App. E.D.1993). Article eleven of the Employment Agreement states:

> In the event any action, suit or proceeding is brought by the COMPANY or the EMPLOYEE against the other for enforcement, performance or construction of this Agreement, the prevailing Party shall be reimbursed by the other Party all costs and expenses incurred by the prevailing Party in such action, suit or proceeding, including attorneys' and accountants' fees and expenses.

We agree with Respondents and reverse the judgment of the trial court awarding Ruzicka attorney's fees and expenses. The trial court entered judgment of $1,000 in favor of Respondents and against Ruzicka on Respondents' counterclaim for Ruzicka's breach of the Employment Agreement. Furthermore, the court did not find Respondents breached the Employment Agreement as claimed by Ruzicka. Substantial evidence exists to support the trial court's judgment on those claims. Therefore, Respondents, rather than Ruzicka, are entitled to an award of attorney's fees and expenses as prevailing parties on the claims to enforce, perform or construct the Employment Agreement. The trial court erred in holding Respondents liable for Ruzicka's attorney's fees and expenses. We deny Ruzicka's sixth point, and grant Respondents' second point on their cross appeal.

In Ruzicka's seventh point, he argues the trial court erred in entering judgment for $11,450.00 in favor of Respondents on their claim for damages based on Hart's PSLs, computers and automobile. Ruzicka argues the trial court erred because Respondents failed to state a claim upon which relief can be granted. Ruzicka additionally contends no substantial evidence exists to support the trial court's judgment awarding Respondents these damages.

Respondents argue in point three of their cross appeal that the trial court erred by not including in this part of the judgment the costs of the PSLs, which were purchased with Hart's money and were intended to be Hart's property.

At trial Respondents claimed: Ruzicka damaged two Hart computers, costing $953.48 to repair; and a Hart automobile, costing $500.00 to repair; and reimbursement for Ruzicka's unauthorized expense account expenditures; as well as for two PSLs, which cost Hart $9,000.00. The trial court awarded Respondents $11,450.00 on this claim.

The trial court did not err. Ruzicka returned the computers to Hart with nothing on them. The cost to rebuild the computers totaled $953.48, and the trial court correctly assessed that amount as damages. Additionally, the front end of the automobile Ruzicka used was damaged when returned to Respondents. The insurance covered the repair costs, but not the $500 deductible which the trial court included in its award. Finally, evidence exists the PSLs are Hart's property. Curdt testified the PSLs were in Ruzicka's name because PSLs were not issued to corporations at that time. We find the trial court included the price of the PSLs in its judgment against Ruzicka. While Ruzicka may owe Respondents some money for unauthorized expenditures, evidence exists that Ruzicka reimbursed Respondents for some of the unauthorized expenditures, and the remaining unauthorized expenses do not total anywhere near $10,000. The computer and automobile expenses total $1,453.48 and the remaining $9,996.52 include the PSLs and the remaining unauthorized expenses. Therefore, the judgment of the trial court is not erroneous. We deny Ruzicka's point seven and point three on Respondents' cross appeal.

In his eighth point, Ruzicka argues the trial court erred by entering judgment for $1,000 in favor of Respondents on their counterclaim for breach of contract because Respondents failed to prove any material breach of contract by Ruzicka and failed to plead or prove any damages. Ruzicka contends Respondents presented no evidence that Hart was damaged as a result of Ruzicka's involvement with CTKSS.

As discussed in point one, Ruzicka breached the Employment Agreement by actively engaging in another work capacity during his employment with Hart. Ruzicka used Hart's employees, address, phone and fax lines in furtherance of another business. Therefore, we find Ruzicka breached the Employment Agreement. Ruzicka's point eight is denied.

In point nine, Ruzicka argues the trial court erred in entering judgment for Respondents on their counterclaim seeking removal of Ruzicka as a Director of Hart and awarding $35,000 in attorney's fees on this claim. Ruzicka contends the claim is moot because Ruzicka had been removed as a Director prior to trial, and the trial court had no power or jurisdiction to remove him. Ruzicka additionally argues the trial court erred in awarding $35,000 in attorney's fees on this claim because the fees are not authorized under the Employment Agreement.

Respondents admit Ruzicka was removed prior to trial. Respondents contend because Ruzicka failed to file a motion to dismiss this counterclaim prior to trial, the issue was still before the trial judge who properly resolved it in the judgment. Respondents also argue it is not

reversible error because Ruzicka was not harmed as a result of the ruling.

■ A case must be justiciable in order for the trial court to have subject matter jurisdiction over it. *In re B.S. and P.S. v. State of Missouri*, 966 S.W.2d 343, 344 (Mo.App. E.D.1998). A cause of action is moot if the relief requested would not have any practical effect upon any existing controversy between the parties. *Id.*

■ We find this claim was moot at the time of trial. Because Ruzicka was removed prior to trial, the relief requested would not have any practical effect upon the existing controversy. Therefore the trial court erred in deciding and awarding relief based upon this claim. This error was prejudicial to Ruzicka in that the trial court awarded $35,000 in fees against Ruzicka based only on this claim. We reverse the judgment of the trial court on this claim.

■ In the first point on their cross appeal, Respondents argue the trial court erred in awarding Ruzicka damages for issuance of a service letter because no substantial evidence exists to support that judgment. Respondents contend Ruzicka did not prove actual damages resulted from issuance of the service letter.

■ Missouri's Service Letter Statute, Section 290.140, states:

1. Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged ... requests in writing ... it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.

2. Any corporation which violates the provisions of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damages under this section shall be based upon the content of any such letter.

To prove actual damages resulted from the service letter, Ruzicka must show: (1) he was refused employment or was hindered in obtaining employment, (2) that the refusal or hindrance was caused by the absence or inadequacy of the service letter, (3) that the position Ruzicka had difficulty obtaining was actually open, and (4) the salary rate of the position. *Kling v. Professional Care Center, Inc.*, 735 S.W.2d 168, 169 (Mo.App. E.D.1987). In other words, Ruzicka must show a potential employer held the service letter against him. *Id.* The trial court awarded Ruzicka $78,000 in damages pursuant to this Service Letter Statute. The service letter stated:

Pursuant to your request of Hart Printing Co., your employment with Hart Printing Co. commenced March 1, 1993. At that time and until your termination, you functioned as the Chief Operating Officer of Hart Printing Co.

Your termination from Hart Printing Co. occurred January 5, 1998, and was the result of your breach of your Employment Agreement with Hart Printing Co.

Ruzicka testified at trial that he did not show the service letter to any other employers and he was not refused employment as a result of the letter. Because the service letter did not hinder him from obtaining employment, Ruzicka did not sustain actual damages from the service letter. Therefore, the $78,000 award may

not be considered an award of compensatory damages.

■ Under Section 290.140.2, in the event of non-issuance of the service letter, the employer may be liable for nominal and punitive damages. The Western District has held the failure to state a cause for discharge or supply any other component of the letter, as required by the statute, constitutes a refusal to issue a service letter. *Ball v. American Greetings Corp.*, 752 S.W.2d 814, 821 (Mo.App. W.D.1988). We may, therefore consider whether the trial court's award is supported as an award of nominal and punitive damages. In order to be liable for punitive damages for non-issuance of a service letter, Ruzicka must show proof of malice. *Ball,* 752 S.W.2d at 822. The test to determine proof of malice is "whether the defendant did a wrongful act intentionally without just cause or excuse." *Id.*

Ruzicka argues Respondents' service letter is deficient because it is too vague and does not satisfy the requirements of Section 290.140. Ruzicka specifically urges Respondents in effect did not issue a service letter because they did not state a cause of discharge sufficient to comply with the statute. In support of this argument Ruzicka cites *Stark v. American Bakeries Co.*, 647 S.W.2d 119, 123 (Mo. banc 1983), which held a service letter stating the termination was a result of "unsatisfactory work" was too vague sufficiently to state a cause for termination under Section 249.140. The court reasoned the vague explanation would not enable plaintiff to meet and rebut the severely impairing facts stated by the employer, and awarded plaintiff one dollar in nominal damages. *Id.* However, the Court did not find malice and declined to award punitive damages. *Id.*

Ruzicka also relies on *Hills v. McComas Rentals, Inc.*, 779 S.W.2d 297 (Mo.App. W.D.1989). In *Hills,* the court said the service letter stated the cause of employee's discharge, but not the duration of employment or character of her service,

and was thus defective. *Id.* at 300. The court found employee failed to meet her burden to show actual damages because no evidence was presented that the employee was denied employment as a result of the service letter. *Id.* at 301. Furthermore, the court held no evidence existed that employer intended not to comply with the statute, or that employer's failure to comply was based on an evil motive. *Id.* at 302. The court entered one dollar in nominal damages, and no punitive damages. *Id.*

The case before us is distinguishable from the cases cited by Ruzicka. The service letter here is more specific than in *Stark* because it identifies the duration of Ruzicka's employment, his position during his employment, and that he was terminated as a result of his breach of the Employment Agreement. The service letter in *Hills* was defective for failing to state the duration and nature of the employee's service. Those aspects of Ruzicka's employment are clearly set forth in the service letter issued by Respondents. Even if the service letter here is found to be too vague, and to satisfy the requirements of Section 290.140, Ruzicka would be only entitled to nominal damages, such as one dollar, because no evidence of malice exists. The trial court erred in awarding Ruzicka $78,000 on his service letter claim. We reverse the decision of the trial court on Ruzicka's service letter claim.

Respondents argue, in their fourth point on cross appeal, the trial court erred in failing to award Respondents their full costs and attorney's fees because all the Employment Agreement issues were decided in their favor. Ruzicka counters our court should defer to the discretion of the trial judge who is considered an expert in determining the proper amount of compensation for legal services. *McPherson Redevelopment Corp. v. Shelton,* 807 S.W.2d 203, 207 (Mo.App. E.D.1991). Ruzicka additionally contends no contract or statute authorized the court to award Respondents their attorney's fees.

This point focuses on the $35,000 in attorney's fees and expenses the trial court awarded Respondents with respect to the claim for removal of Ruzicka as a member of Hart's Board of Directors. Earlier we reversed that award. At this point, there is no award of fees and expenses to Respondents in this case.

As we stated earlier, where a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, it is error to fail to make such an award to the successful party. *Jackes–Evans Mfg. Co.*, 848 S.W.2d at 557. Article eleven of the Employment Agreement states:

> In the event any action, suit or proceeding is brought by the COMPANY or the EMPLOYEE against the other for enforcement, performance or construction of this Agreement, the prevailing Party shall be reimbursed by the other Party all costs and expenses incurred by the prevailing Party in such action, suit or proceeding, including attorneys' and accountants' fees and expenses.

The Employment Agreement specifically states the prevailing party is to be reimbursed for all costs and expenses incurred with respect to claims for the enforcement, performance or construction of the Employment Agreement. Here Respondents clearly prevailed on all the claims for enforcement, performance or construction of the Employment Agreement. However, not all of Ruzicka's and Respondents' claims are related to the enforcement, performance, or construction of the Employment Agreement. We remand to the trial court the award of Respondents' attorney's fees and expenses. The trial court shall determine which issues relate to the enforcement, performance or construction of the Employment Agreement and to the amount of attorney's fees and expenses

incurred by Respondents with respect to such issues.

By separate application filed in this court, Respondents ask for an award of their costs and attorney's fees incurred for this appeal.[4] The amount Respondents incurred during appeal reportedly totals $22,050.00 in attorney's fees and $421.79 in costs. There is authority that attorney's fees and expenses on appeal may be awarded to a prevailing party in accordance with a contractual provision. *See Wooten v. DeMean*, 788 S.W.2d 522, 529 (Mo.App. S.D.1990).

Under the circumstances, we will remand this application to the trial court for resolution in light of the terms of the Employment Agreement and our resolution of the points on appeal.

Judgment affirmed in part and reversed and remanded in part.

MARY K. HOFF, WILLIAM H. CRANDALL, Jr., P.J. and JAMES A. PUDLOWSKI, S.J.: Concur.

---

**4.** Ruzicka's Application for Attorney's Fees and Costs on Appeal, Motion of Defendants to Strike Ruzicka's Application for Attorney's Fees and Costs on Appeal and Plaintiff Kevin J. Ruzicka's Objection to Defendant's Fee Request, and Ruzicka's Response to Defendant's Motion to Strike are denied.