

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| TRENT BERHOW, | ) | *Opinion issued April 29, 2025* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC100809 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF DEKALB COUNTY
The Honorable Ryan W. Horsman, Judge

After Trent Berhow fell from a ladder while incarcerated at Western Missouri Correctional Center, he filed a suit against the state for his injuries. Because Berhow filed his suit more than a year after he sustained his injuries, his suit is barred by the statute of limitations.

### Factual and Procedural Background

Berhow filed an amended petition against the state alleging the state was at fault for causing him injury by creating a dangerous condition because Berhow's supervisor

ordered him to place in a precarious position the ladder from which he fell.[1] *See* section 537.600.1(2).[2]

The state answered and moved for judgment on the pleadings, arguing it was entitled to judgment as a matter of law because Berhow's petition was time-barred, failed to state a claim, and failed to show he exhausted administrative remedies. The circuit court overruled the state's motion for judgment on the pleadings. The state then filed a renewed motion for judgment on the pleadings, arguing the state did not waive sovereign immunity and, alternatively, the statute of limitations barred Berhow's claim.

The circuit court heard arguments on the state's renewed motion for judgment on the pleadings and, without explaining its reasoning, sustained the state's motion.[3] Berhow appeals.[4]

---

[1] Berhow initially sued the Missouri Department of Corrections. After the department moved to dismiss Berhow's petition because it was filed outside of the time allowed by the statute of limitations, Berhow filed a motion for leave to amend his petition to dismiss the department without prejudice and add the state as the defendant. Berhow and the state filed a joint stipulation and consent to ruling requesting leave for Berhow to file an amended petition dismissing the department and adding the state as the sole defendant. The circuit court granted the request for leave, and Berhow filed his amended petition.

[2] All statutory references are to RSMo 2016.

[3] Following several discovery delays, Berhow filed a motion to compel discovery requesting sanctions and an amended motion for sanctions. The circuit court had the amended motion for sanctions before it at the same time as the state's renewed motion for judgment on the pleadings. The circuit court did not rule on Berhow's amended motion, which constitutes an overruling of the motion. *Ruzicka v. Hart Printing Co.*, 21 S.W.3d 67, 73 (Mo. App. 2000).

[4] This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Standard of Review

"This Court reviews a circuit court's ruling on a motion for judgment on the pleadings *de novo*." *Woods v. Mo. Dep't of Corr.*, 595 S.W.3d 504, 505 (Mo. banc 2020). "[A] motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Id.* (alteration in original) (internal quotation omitted).

## Analysis

Berhow alleges the circuit court erred by sustaining the state's renewed motion for judgment on the pleadings because section 537.600 includes an exception that waives sovereign immunity for injuries caused by dangerous conditions on the state's property and the statute of limitations limits only suits brought against the department, not the state. Notwithstanding Berhow's sovereign-immunity argument, Berhow's claim is barred by the statute of limitations.[5]

Section 516.145 dictates that "all actions brought by an offender … against the department of corrections or any entity or division thereof …" must be brought within one year of the alleged harm. Berhow brought his claim against the state more than a year after he fell and sustained injuries. But Berhow argues his suit is not barred because section 516.145 applies only to actions "against the department of corrections or any entity or division thereof" and he brought his claim against the state, which is not an entity of the department.

---

[5] Berhow also appeals the circuit court's overruling of his amended motion for sanctions. Because Berhow's claim is barred, it is unnecessary to consider this point.

"Any time a court is called upon to apply a statute, the primary obligation 'is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning.'" *State ex rel. Hillman v. Beger*, 566 S.W.3d 600, 604-05 (Mo. banc 2019) (quoting *S. Metro. Fire Prot. Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009)). But statutes cannot be interpreted in ways that yield unreasonable or absurd results "that defeat[] the purpose of the legislation." *Roesing v. Dir. of Revenue*, 573 S.W.3d 634, 639 (Mo. banc 2019).

This Court's recent opinion in *State ex rel. Department of Natural Resources v. Crane,* No. SC100623, 2025 WL 843659 (Mo. banc Mar. 18, 2025), illustrates why allowing Berhow's claim to proceed would defeat the purpose of section 516.145. In *Crane*, a cyclist was injured while riding his bike on a trail managed by the Department of Natural Resources ("DNR"). *Id*. at *1. The cyclist sued DNR arguing that, even though the recreational use act gave DNR immunity, DNR could still be held liable through the doctrine of *respondeat superior* because DNR's employees violated the general duty of care to the cyclist. *Id*. at *3.

This Court noted several problems with adopting the cyclist's argument, including that the result he suggested would essentially eliminate immunity because "[n]on-human owners such as 'legal entities' and 'governmental agencies' can act ***only*** through their agents and employees." *Id*. This Court found that any duty of care owed by DNR's employees was derived from DNR and concluded "a landowner's employees can[not] be liable for the conditions of the land or structures even though the landowner is not." *Id.* at

4

*4. This Court noted any other result would "frustrate[] the obvious purpose and intent of [immunity] by rendering its protections illusory in most circumstances." *Id*. at *3. For these reasons, this Court found the cyclist could not circumvent DNR's statutory immunity by alleging the negligent acts of DNR's employees caused him harm. *Id*. at *4.

Berhow's argument suffers similar flaws as the cyclist's argument in *Crane*. The department acts on the state's behalf to oversee, maintain, and control the prison. Due to this relationship, the department "stands precisely in the [state's] shoes with respect to liability to third parties." *Id*.

It would be illogical to allow offenders to circumvent section 516.145 by filing a suit against the state that would be barred against its agent, the department. Given that the purpose of section 516.145 is to protect the state's agent from suits filed by offenders after one year, allowing a suit against the state itself would render section 516.145's protections "illusory in most circumstances" and yield "an illogical or absurd result that defeats the purpose of the legislation." *Id*. at *3; *Roesing*, 573 S.W.3d at 639.

The state must enjoy the same protection section 516.145 provides its agent, the department. Berhow's claim is barred by the statute of limitations.

## Conclusion

The circuit court's judgment is affirmed.

_____
KELLY C. BRONIEC, JUDGE

All concur.

5